```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
   _____

   JANICE DESORTE,
                                            1:17-cv-11407-NLH
                   Plaintiff,
                                            OPINION
   v.

   COMMISSIONER OF SOCIAL
   SECURITY,
                   Defendant.
   _____
```

**APPEARANCES:**

ALAN H. POLONSKY
POLONSKY AND POLONSKY
512 S. WHITE HORSE PIKE
AUDUBON, NJ 08106

   *On behalf of Plaintiff*

PAUL KENDALL NITZE
SOCIAL SECURITY ADMINISTRATION
500 EAST STREET SW
9TH FLOOR
WASHINGTON, DC 20023

   *On behalf of Defendant*

**HILLMAN**, District Judge

   This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding Plaintiff's application for Disability Insurance Benefits ("DIB")[1] under Title II of the Social Security

---

[1] DIB is a program under the Social Security Act to provide disability benefits when a claimant with a sufficient number of

Act. 42 U.S.C. § 423, et seq. The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since her alleged onset date of disability, June 7, 2012, through the date she was last insured (June 30, 2015). For the reasons stated below, this Court will affirm that decision.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On July 22, 2013, Plaintiff, Janice Desorte, protectively filed an application for DIB,[2] alleging that she became disabled on June 7, 2012. Plaintiff claims that she can no longer work as a casino dealer because of her various severe impairments, including chronic obstructive pulmonary disease (COPD), degenerative disc disease, and obesity.

Plaintiff's initial claim was denied in February 2014 and upon reconsideration in July 2014. Plaintiff requested a hearing before an ALJ, which was held on July 27, 2016. On August 15, 2016, the ALJ issued an unfavorable decision.

---

quarters of insured employment has suffered such a mental or physical impairment that the claimant cannot perform substantial gainful employment for at least twelve months. 42 U.S.C. § 423 et seq.

[2] A protective filing date marks the time when a disability applicant made a written statement of his or her intent to file for benefits. That date may be earlier than the date of the formal application and may provide additional benefits to the claimant. See SSA Handbook 1507; SSR 72-8.

2

Plaintiff's Request for Review of Hearing Decision was denied by the Appeals Council on September 8, 2017, making the ALJ's August 15, 2016 decision final.  Plaintiff brings this civil action for review of the Commissioner's decision.

**II. DISCUSSION**

   **A.   Standard of Review**

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for social security benefits.  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).  Substantial evidence means more than "a mere scintilla."  Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its

3

totality.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984).  "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)).  The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him.  Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches

> an abdication of the court's duty to
> scrutinize the record as a whole to
> determine whether the conclusions reached
> are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004).  In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182.  However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards.  Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

    **B.    Standard for DIB**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a

continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). Under this definition, a Plaintiff qualifies as disabled only if her physical or mental impairments are of such severity that she is not only unable to perform her past relevant work, but cannot, given her age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work. 42 U.S.C. § 1382c(a)(3)(B) (emphasis added).

The Commissioner has promulgated regulations[3] for determining disability that require application of a five-step sequential analysis. See 20 C.F.R. § 404.1520. This five-step process is summarized as follows:

1. If the claimant currently is engaged in substantial gainful employment, she will be found "not disabled."

2. If the claimant does not suffer from a "severe impairment," she will be found "not disabled."

3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

---

[3] The regulations were amended for various provisions effective March 27, 2017. See 82 F.R. 5844. Because the ALJ issued his decision before this date, the amendments are not applicable to Plaintiff's appeal.

4.  If the claimant can still perform work she has done in the past ("past relevant work") despite the severe impairment, she will be found "not disabled."

5.  Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not she is capable of performing other work which exists in the national economy. If she is incapable, she will be found "disabled." If she is capable, she will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f). Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof. See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983). In the first four steps of the analysis, the burden is on the claimant to prove every element of her claim by a preponderance of the evidence. See id. In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

### C. Analysis

At step one, the ALJ found that Plaintiff had not engaged

in substantial gainful activity since the alleged onset of disability. At step two, the ALJ found that Plaintiff's impairments of chronic obstructive pulmonary disease and degenerative disc disease were severe. At step three, the ALJ determined that Plaintiff's severe impairments or her severe impairments in combination with her other impairments did not equal the severity of one of the listed impairments. Specifically, the ALJ found that Plaintiff's impairments did not meet listing 1.04 – disorders of the spine, or listing 3.02 – chronic pulmonary insufficiency. The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with certain restrictions. After considering a vocational expert's testimony, the ALJ concluded that Plaintiff's RFC permitted her to perform her past relevant work as a casino dealer (steps four and five).

Plaintiff argues that the ALJ erred in the following ways: (1) by failing to deem her obesity as severe at step two; (2) by not explaining his conclusion that Plaintiff's impairments did not meet any of the listings at step three; (3) by not supporting his RFC assessment with substantial evidence; and (4) by relying upon the unsupported RFC assessment to conclude Plaintiff was capable of performing her past work as a casino dealer.

The Court finds Plaintiff's arguments unpersuasive for the

8

same reason – she questions the ALJ's determinations, but does not point to the evidence in the record to support her contrary position.

First, Plaintiff argues that the ALJ erred by not finding her obesity to be severe at step two. At step two, the ALJ has to "consider the medical severity of a claimant's impairment(s)." 20 C.F.R. § 404.1520(a)(4)(ii). "The severity test at step two is a '*de minimis* screening device to dispose of groundless claims.'" McCrea v. Comm'r of Soc. Sec.*,* 370 F.3d 357, 360–61 (3d Cir. 2004) (citation omitted). The severe impairment "must have lasted or must be expected to last for a continuous period of at least twelve months." 20 C.F.R. § 404.1509. In order to have a severe impairment, the impairment or combination thereof must significantly limit a person's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

Here, at step two the ALJ noted that Plaintiff's body mass index categorized her as obese, and he indicated that he considered Plaintiff's obesity in accordance with SSR 02-1p, which requires an ALJ to consider the severity of a claimant's obesity, as well as the combined effects of Plaintiff's obesity with her other impairments. The ALJ concluded that because Plaintiff's "symptoms did not limit [her] mental or physical ability to perform work related activities," Plaintiff's obesity

9

was non-severe.  (R. at 38.)  This finding is more fully elucidated in the ALJ's recitation of Plaintiff's testimony and the medical evidence in the context of Plaintiff's RFC assessment.  None of the evidence mentions how Plaintiff's obesity impairs her.  (R. at 39-41.)  Thus, the absence of evidence to support the severity of an impairment provides the precise reason why the ALJ came to his succinct conclusion in his step two analysis that Plaintiff's obesity was not severe.  Therefore the ALJ did not err in this regard.

Further supporting that conclusion, the burden at step two is on the claimant to show "something beyond a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work."  McCrea, 370 F.3d at 360.  Plaintiff challenges the ALJ's step two determination that her obesity was not severe, but Plaintiff fails to point to any evidence in the record to show that the ALJ's determination was improper.  Thus, the Court finds that the ALJ did not err at step two.[4]

---

[4] The Court notes that even if an ALJ erroneously decides at step two that a certain impairment was not severe, but finds another is, such error may be harmless.  See Salles v. Commissioner of Social Sec., 229 F. App'x 140, 145 n.2 (3d Cir. 2007) (stating that "[b]ecause the ALJ found in Salles's favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless.") (citing Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005)); Rivera v. Commissioner of Social Sec., 164 F. App'x 260, 262 n.2 (3d Cir. 2006) (stating that "Rivera also argues that

Next, Plaintiff contends that the ALJ erred in not explaining how her impairments did not meet the listings at step three. The ALJ concluded in one sentence that Plaintiff's impairments did not meet listing 1.04 – disorders of the spine, or listing 3.02 – chronic pulmonary insufficiency. When considered in isolation, this conclusory statement could constitute error. See Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119-20 (3d Cir. 2000) (requiring the ALJ to set forth the reasons for his decision, and holding that the ALJ's bare conclusory statement that an impairment did not match, or is not equivalent to, a listed impairment was insufficient). But it is not error in this case for two reasons.

One, "Burnett does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 504-05 (3d Cir. 2004). An ALJ's step three analysis is proper when the "decision, read as a whole, illustrates that

---

the ALJ committed errors in the second step, but the ALJ found in her favor at that step (holding that she did have a severe impairment), so any such errors were harmless."). This analysis is applicable here as the ALJ found Plaintiff's impairments of chronic obstructive pulmonary disease and degenerative disc disease severe at step two.

11

the ALJ considered the appropriate factors in reaching the conclusion that" a claimant does not meet the requirements for any listing.  Id.  That rule applies here.  Although the ALJ's conclusion on this issue was arguably terse, it must be viewed in the context of the opinion as a whole which included a comprehensive discussion of Plaintiff's severe impairments.

Two, as with the second step, the burden is on Plaintiff to demonstrate that her impairments meet the listings.  Rutherford v. Barnhart, 399 F.3d 546, 551 (3d Cir. 2005) (explaining that in "the first four steps the burden is on the claimant"); id. ("If the claimant satisfies step 3, she is considered per se disabled.").  Plaintiff faults the ALJ for not explaining why Plaintiff's impairments do not meet the two specified listings, but Plaintiff fails to articulate how that determination was in error.  For example, to meet listing 1.04, Plaintiff must have:

> A disorder of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by

appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;

or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

In order for an impairment to match a listing, a claimant must show that the impairment meets "'*all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.'" Jones, 364 F.3d at 504 (quoting Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis in original)).

In this case, Plaintiff provides no reasoning as to how she meets any of the criteria for listing 1.04, let alone all of the criteria. The same is true for listing 3.02.[5] Additionally, the ALJ's substantive analysis of Plaintiff's COPD and degenerative disc disease articulates the nature of those impairments. As discussed below, the ALJ properly supports his conclusion that those impairments are not disabling. Plaintiff's lack of explanation as to how she meets the two listings, along with the ALJ's, on the whole, thorough recitation of the record evidence

---

[5] See https://www.ssa.gov/disability/professionals/bluebook/3.00-Respiratory-Adult.htm#3_02.

13

demonstrate together that the ALJ did not err at step three.

Plaintiff's third and fourth challenges to the ALJ's decision fail for the same reason as the other two challenges. Plaintiff argues that the ALJ erred in his RFC assessment, and the resulting finding that based on Plaintiff's RFC, Plaintiff was capable of performing her past work as a casino dealer. The ALJ found that Plaintiff had the RFC[6] "to perform light work as defined in 20 CFR 404.1567(b)[7] meaning the claimant can occasionally lift 20 pounds, frequently lift 10 pounds, and could sit, stand, and walk for six hours out of an 8-hour day. She can occasionally climb stairs, stoop, balance, kneel, crouch, crawl, and climb ladders. She can tolerate occasional exposure to extreme heat and cold, dust and fumes, humidity and wetness, vibrations, and hazards (heights, moving parts)." (R. at 38-39.)

Plaintiff argues that the ALJ improperly focused on her non-compliance with multiple instructions to stop smoking, and contends her non-compliance should have had no impact on the

---

[6] The RFC reflects "what [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 416.945(a).

[7] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job falls within this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567(b).

14

ALJ's assessment of the limiting nature of her COPD, which colloquially speaking, "is what it is" regardless of her failure to avail herself of smoking cessation programs.  Plaintiff also disagrees with the ALJ's assessment of four examining physicians as follows:  Dr. Goldstein only examined Plaintiff one time, two years before the date of last insured; it is unclear whether Dr. Shinskie's report that Plaintiff can "occasionally" bend, twist, clime, squat, crawl, or kneel is in line with the SSA's definition of "occasionally"; Dr. Ayoola found that Plaintiff was able to sit 6-8 hours a day with the ability to stand for 1-2 hours, an opinion the ALJ afforded great weight, but the ALJ's RFC is inconsistent with that finding; and Dr. Young's opinion is not deserving of any weight.

Plaintiff's disagreement with the ALJ's assessment of this evidence is noted, but to show that the ALJ's decision is not supported by substantial evidence, Plaintiff must substantiate her disagreement with evidence in the record.  Plaintiff does not refute that the ALJ's discussion of Plaintiff's non-compliance with smoking cessation programs was related to Plaintiff's credibility as to the severity of her alleged pain and limitations, and not to the severity of her COPD.  (R. at 39.)  Plaintiff fails to point to evidence to show that Dr. Goldstein's opinion, even if offered a year after Plaintiff's alleged disability onset date and two years before the date she

15

was last insured, is inconsistent with other opinions.  Further, Plaintiff fails to show how a different construction of the term "occasionally" would affect the import of Dr. Shinskie's opinion.  As for Dr. Ayoola's opinion, Plaintiff does not explain how it is in fact inconsistent with the RFC, and she does not present any record evidence to show she is incapable of sitting, standing, or walking for 6-8 hours a day.  Finally, while it is clear Plaintiff does not care for Dr. Young's opinion, she does not explain why.

As set forth above, the Court must review the ALJ's decision to determine whether it is supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401.  This Court must review the evidence in its totality, and take into account whatever in the record fairly detracts from its weight.  Daring, 727 F.2d at 70; Schonewolf, 972 F. Supp. at 284.  Plaintiff has not provided the Court with specific evidence that detracts from the ALJ's RFC assessment, which the Court finds on its independent review to be reasonable and substantially supported.  Consequently, the Court does not find that the ALJ erred in his determination of Plaintiff's RFC, and his resulting conclusion that Plaintiff's RFC rendered her capable of performing her past relevant work.

**III. Conclusion**

For the foregoing reasons, the ALJ's determination that Plaintiff was not totally disabled as of June 7, 2012 is supported by substantial evidence. The decision of the ALJ is therefore affirmed.

An accompanying Order will be issued.


Date: March 18, 2019                        s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.